ENTERED JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLMARK, INC., a Delaware corporation; and SYLMARK HOLDINGS LIMITED, an Irish limited company,<br><br>Plaintiffs,<br><br>v.<br><br>LEENA, INC., a British Virgin Islands corporation; VIRENDRA RAJPUT, a.k.a. VEDANT RAJPUT, an individual; ANIKA INTERNATIONAL, LTD, a Canadian entity of unknown form; VANADIAN CORP., a Canadian entity of unknown form; and DOES 1-50.<br><br>Defendants. | Case No.: EDCV 06-00982-SGL (OPx)<br><br>**JUDGMENT, CONSENT DECREE, AND PERMANENT INJUNCTION**<br><br>**[SUBMITTED PURSUANT TO STIPULATION FILED SEPARATELY AND CONCURRENTLY HEREWITH]** |

## RECITALS

WHEREAS, Plaintiffs Sylmark, Inc. and Sylmark Holdings Limited (together "Plaintiffs"), on the one hand, and Defendants Virendra Rajput a.k.a. Vedant Rajput ("Rajput"), Anika International, Ltd. ("Anika"), and Vanadian Corp. ("Vanadian") (collectively, "Settling Defendants"), on the other hand, have entered into a Stipulation for Entry of Judgment, Consent Decree, and Permanent Injunction (the "Stipulation");

WHEREAS, the Stipulation has been filed with, and reviewed and considered by, this Court; and

{6269.002-00348351.DOC-2 ()}                           --

JUDGMENT, CONSENT DECREE, AND PERMANENT INJUNCTION

WHEREAS, this Court finds good cause for entry of the terms of the Stipulation as a Judgment in this action;

NOW THEREFORE, FOR GOOD CAUSE APPEARING, Judgment is hereby entered in favor of Plaintiffs, and against Settling Defendants, and each of them, according to the following terms:

**TERMS OF JUDGMENT, CONSENT DECREE, AND PERMANENT INJUNCTION**

**A.  Monetary Award; Agreement To Cooperate**

1. Judgment is entered against the Settling Defendants, jointly and severally, and in favor of Plaintiffs, with the monetary component of said Judgment against the Settling Defendants being Two Million Dollars (U.S. $2,000,000.00).

2. Notwithstanding the provisions of Paragraph 1 above, enforcement of the above-referenced Two Million Dollar monetary component of the Judgment against the Settling Defendants is hereby stayed, and said monetary component of the Judgment shall not be enforced by Plaintiffs until such time, if ever, as Plaintiffs hereafter file an application or other papers with this Court (with prior notice to the Settling Defendants via first class U.S. mail mailed to the address of Settling Defendants listed below in Paragraph 13, with at least the minimum number of days required by the Federal Rules of Civil Procedure) and a judicial officer of this Court rules that the Settling Defendants, or any of them, have violated one or more of the terms set forth herein.

3. As and when provided herein, VIRENDRA RAJPUT, a.k.a. VEDANT RAJPUT ("Rajput") shall pay Plaintiffs Twenty Percent (20%) of his annual total gross income (less state and federal taxes paid), for every calendar year beginning with the current calendar year which began on January 1, 2008, until such time as he has paid Plaintiffs the total sum of Three Hundred Twenty Five Thousand Dollars (U.S. $325,000.00).  Rajput shall file tax returns on an annual basis in his country of residence, and in any other country in which he is obligated to report income, each year.  No later than January 31 of each year following the date of Rajput's execution of this Stipulation, Rajput shall provide written notice to Plaintiffs of the date when he will file his tax return(s) in such calendar year.  Within thirty (30) days of the filing of each

tax return, Rajput shall provide Plaintiffs with a copy of the tax return(s) along with an immediately negotiable check made payable to Sylmark Holdings Limited, in the total amount of Twenty Percent (20%) of Rajput's total gross income (less state and federal taxes paid) for that year.  Notwithstanding the preceding terms of this Paragraph 3, if Settling Defendants pay Plaintiffs at least Two Hundred Thousand Dollars (U.S. $200,000) on or before the two-year anniversary of the date on which Settling Defendants executed the Stipulation (i.e., within two years), then all further monetary obligations of Settling Defendants under Paragraphs 1 to 3 of this Judgment shall cease.

4. In order to protect Plaintiffs from the possible circumvention, by Rajput, of Paragraph 3 above, through the use of corporations or other entities now or hereafter owned or controlled by Rajput, the obligations imposed upon Rajput under Paragraph 3 above shall apply equally to any entity that Rajput owns or controls, now or hereafter, such that all such entities must file, and provide to Plaintiffs, their tax returns, and must pay Plaintiffs Twenty Percent (20%) of their total gross income (less state and federal taxes paid) for each year until Plaintiffs have been paid Three Hundred Twenty Five Thousand Dollars (U.S. $325,000.00).  For purposes of applying this Paragraph 4, an entity is "owned" by Rajput if Rajput owns Five Percent (5%) or more of its shares or other equity interests.

5. Rajput, on or before May 31, 2009,  shall personally submit to examination, under oath, at a deposition transcribed by court reporter and, at Plaintiffs' election, videotape, in a location in Buffalo, New York, to respond to questions from Plaintiffs as to any and all issues in the underlying lawsuit or otherwise as to Rajput or any of Defendants.  The deposition shall be held pursuant to the Federal Rules of Civil Procedure and shall be limited to no more than eight hours in length, excluding breaks and off-the-record discussions.  Rajput shall be entitled to be represented by counsel of his choice, at his expense.  The parties agree that the transcript of such deposition may be used for any purpose permitted by the Federal Rules of Civil Procedure or any rules of civil procedure of any other state, federal, foreign or other court.

6. If Plaintiffs hereafter recover and obtain any monies from LEENA, INC., ("Leena") with respect to the Complaint, Plaintiffs shall apply such monies to the obligations of

{6269.002-00348351.DOC-2 ()}    --

JUDGMENT, CONSENT DECREE, AND PERMANENT INJUNCTION

Defendants hereunder; however, in no event are Plaintiffs obligated to pursue Leena for any sums due pursuant to the Complaint or for any other reason, at any time.

**B.     Permanent Injunctive Relief**

7.     Effective immediately, Settling Defendants shall not buy, sell, offer for sale, advertise, market, promote, produce, manufacture, distribute, ship, import, export, or in any other way commercially exploit any product previously, currently, or hereafter sold or offered for sale by Plaintiffs, or either of them, or by any of their subsidiaries, affiliates, or licensees, or by Sylmark, LLC or by any of its subsidiaries, affiliates, or licensees, now or in the future; the foregoing prohibition shall include, but shall not be limited to, the products (under any name or trademark) listed on Schedule "A" hereto, which is hereby incorporated by this reference, or any variant or version thereof with a substantially similar design.

8.     Effective immediately, Settling Defendants shall not sell, distribute, or ship, anywhere in the world, Settling Defendants' current inventory (if any) of BUN & THIGH ROLLER exercise machines, "ABSLIDE" "EZ SLIDE" "ROLLER SLIDE" "EZ ABSLIDER" and "ABSLIDER" devices, "WALKFIT" orthotic insoles, "STEP IN COMFORT INSERT" orthotic insoles, and "PHASE 4" lotion (the "Complaint Products").  Settling Defendants shall promptly ship to Plaintiffs any inventory of the Complaint Products which they currently possess to Plaintiffs, at the address provided in Paragraph 13, below, at Settling Defendants' cost.

9.     Effective immediately, Settling Defendants shall not use in any way, including, but not limited to, any use or display on or off the Internet, any of the names or trademarks previously used, presently used, or hereafter used by Plaintiffs or by Sylmark, LLC or by any of their affiliates, subsidiaries, licensees or limited liability companies now existing or hereafter to be formed by Plaintiffs or by Sylmark, LLC, including, but not limited to, the following names or trademarks or any variant or version which is substantially similar thereto:

  a.     "WALKFIT"
  b.     "BUN & THIGH ROLLER"
  c.     "ABSLIDE" and
  d.      "PHASE 4."

10. Effective immediately, Settling Defendants shall refrain from taking, and are permanently enjoined from taking, any of the actions referred to in Paragraphs 7-9 above.

11. Effective immediately, for a period of five years from the date of entry of this Judgment, Defendant Rajput shall not own more than Five Percent (5%) of, nor become employed or retained by, nor provide any services to, any entity that now or hereafter is engaged in the manufacture, production, advertising, marketing, promotion, shipping, distribution, offer for sale, importing, exporting, or purchase or sale of any product which has the same or a substantially similar design and purpose as any product which now or hereafter is sold or marketed by Plaintiffs or by Sylmark, LLC or by any of their affiliates, subsidiaries, licensees or limited liability companies now existing or hereafter to be formed by Plaintiffs or by Sylmark, LLC.

12. The foregoing-described injunctive relief provisions are and shall be binding upon Settling Defendants, and each of them, and upon all of their subsidiaries, parents, entities with common ownership or management, heirs, successors, owners, officers, directors, managers, employees, agents and representatives, as well as any assigns and licensees of any of the products referenced herein above, and other persons and entities in active concert or participating with then with respect to said products.

**C.   Miscellaneous Provisions**

13. As agreed by the parties in the Stipulation, any notices required to be sent to Settling Defendants shall be provided to Virendra (Vedant) Rajput, at 5-2325 Hurontario Street, Suite 181, Mississauga, ON L5A 4K4 by an overnight delivery service.  Notices and payments required to be sent to Plaintiffs shall be sent to Sylmark Holdings Limited, Attention: Kathy Mojibi, 7821 Orion Avenue, Suite 200, Van Nuys, CA 91406, by overnight delivery service.

14. As agreed by the parties in the Stipulation, if any term hereof is held to be invalid, void or unenforceable, the remainder of the provisions hereof shall remain in full force and effect between the parties and shall in no way be affected, impaired or invalidated.

15. As agreed by the parties in the Stipulation, any dispute regarding the interpretation or the enforcement of this Judgment shall be governed by the laws of the State of

1  California and the laws of the United States of America and, at Plaintiffs' election, shall be
2  brought in the U.S. District Court for the Central District of California; Settling Defendants, and
3  each of them, have irrevocably agreed to personal jurisdiction in California; and in the event of
4  any dispute regarding the interpretation or the enforcement of this Stipulation, or of the
5  Judgment entered pursuant hereto, the prevailing party therein shall be entitled to recover its
6  reasonable attorneys' fees and costs incurred in connection with that dispute.

**It is so ordered, and Judgment hereby is entered pursuant to the above terms.**

Dated: September 16, 2008

*[signature]*

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE